## COHEN v. WEILL.

### (Supreme Court, Appellate Term. July 6, 1900.)

1. COSTS—STENOGRAPHER'S FEES—COPY OF MINUTES.
     The amount paid by plaintiff for a copy of the stenographer's minutes, furnished at the order of the court, could not be allowed him as part of the costs.

2. MUNICIPAL COURT—RENDITION OF JUDGMENT—TIME ALLOWED.
     A case was tried and submitted to a justice on January 30th. The indorsement of judgment made by him on the original summons bore date February 13th. The undertaking on appeal, which he approved, recited that judgment was rendered on that day, and the judgment itself included a sum paid for stenographer's minutes allowed at that time. In a statement attached to the return, however, the justice stated that he rendered judgment on February 6th. *Held*, that the record was convincing that the decision of the justice was not rendered within eight days, as required by law, and that the judgment was therefore invalid.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by George Cohen against Bernard Weill. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

John P. Donelly, for appellant.

Hyman Levy, for respondent.

SCOTT, J. After this action had been tried and submitted to the justice, he made an order directing the plaintiff to furnish to the court the stenographer's minutes taken on the trial of the action. He afterwards allowed to the plaintiff, and included in the judgment, as part of the costs, the sum of $35.80; being the amount said to have been paid by the plaintiff for the copy of the minutes. There is no provision of law justifying this practice. If this was the only defect in the judgment, full justice could be done by modifying it. There appear to be others, however. It appears from the record before us that the cause was tried and submitted to the justice on January 30, 1900. The indorsement of judgment made by the justice upon the original summons, and signed by him, bears date February 13, 1900,—more than eight days after the submission of the cause. It is evident that the judgment could not have been rendered before February 13th, because it includes the sum paid, as already stated, for the stenographer's minutes; and these were not allowed, as appears by the indorsement of the justice upon the bill of costs, until February 13th. Furthermore, the undertaking on appeal, which was approved by the justice, recites that the judgment was rendered on February 13th. It is true that in the statement attached to the return the justice states that he rendered judgment on February 6th. This, however, is clearly a mistake or an inadvertence. The return to this court consists, not only of the statement of the justice as to the course of this litigation, but also of the original records returned by him. We are, of course, bound to accept the return as true; but when, as in the present instance, the return, taken together, contains two statements apparently contradictory, one of which is clearly erroneous and apparently the result of an oversight, we may disregard it, and determine the appeal upon the fact as it is shown to be by the convincing evidence of the original record. It follows that the justice, not having rendered judgment within eight days after the submission of the case to him, lost jurisdiction to render judgment at all.

The judgment appealed from must be reversed, with costs. All concur.